## LIFE INS. CO. OF VIRGINIA v. RHODES et al.
### No. 3632.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

A. C. Todd, of Greenwood, S. C. (Robert E. Henley and S. J. Hilton, both of Richmond, Va., and Grier, Park, McDonald & Todd, of Greenwood, S. C., on the brief), for appellant.

Douglas Featherstone and Calhoun A. Mays, both of Greenwood, S. C. (Mays & Featherstone, of Greenwood, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law instituted by the appellees (herein referred to as the plaintiffs) against the appellant (herein referred to as the defendant) in the court of common pleas

for Greenwood county, S. C., in August, 1932. The action was removed by the defendant to the District Court of the United States for the Western District of South Carolina, on the ground of diversity of citizenship. At the trial, the jury brought in a verdict in favor of each of the plaintiffs, who were beneficiaries under the policy, for the amount sued for ($1,840.17), and upon this verdict judgment was entered from which action this appeal was brought.

The defendant issued an insurance policy on the life of one William L. Rambo, in the sum of $5,000, with double indemnity in case of accidental death. The insured died on May 10, 1932, at Greenwood, S. C., and the defendant paid the face of the policy ($5,-000.00), but denied liability under the indemnity provision for the additional amount.

The insured accidentally mashed one of the fingers of his right hand in using a jack to raise his automobile. This accident happened on the 17th day of March, 1932, and the injury was treated by a doctor. The infection from the wound began to spread, and the finger was removed at the joint and a short time later there was a second operation. On May 10, 1932, insured's arm was amputated, and three hours later he died. The medical evidence was to the effect that the insured had developed blood poisoning or septicemia. Shortly after he was taken to the hospital on May 1, 1932, an urinalysis disclosed sugar, a symptom of diabetes.

The contention on behalf of the defendant was that diabetes was a contributing cause of his death and that the septicemia resulting from the accident was not the sole cause. On the other hand, there was some evidence on the part of the plaintiff tending to show that the symptoms indicating diabetes were themselves the result of the septicemia caused by the accident. At the conclusion of the evidence, a motion was made on behalf of the defendant for a directed verdict, which motion the trial judge overruled. The only question here is whether this action of the court below was error.

The additional indemnity provision, the only part of the policy necessary to be considered, provides for the payment of an additional sum of $5,000 upon receipt of satisfactory proof of death occurring "directly and independently of all other causes as the result of bodily injury, effected solely through external, violent and accidental means, * * *" and, further, that "This agreement to pay an increased amount in the event of death from bodily injury does not cover * * * death resulting directly or indirectly from bodily or mental infirmity. * * *"

The evidence given by the doctors was conflicting, but we are of the opinion that there was sufficient evidence, if believed by the jury, to prove that the insured's death was "effected solely through external, violent and accidental means" and independently of all other causes.

A full and complete discussion, by Judge Soper of this court, of a similar question, will be found in the case of the Jefferson Standard Life Insurance Co. v. Lightsey (C. C. A.) 49 F.(2d) 586, 588, where we held that the question there involved was one for the jury. In the Lightsey Case, Judge Soper said:

"It must be admitted that the evidence produced by the insurance company for the consideration of the jury made out a strong case tending to show that the death of the insured was not due solely to the accident; but, on the contrary, there was the evidence of the plaintiff's physician which tended to show that the accident was the sole cause of death, and we are unable to say, after a consideration of the whole case, that only one reasonable inference, and that favorable to the defendant's contention, could be drawn. We think, rather, that the conflict of testimony created an issue for the jury to decide, and that the action of the District Judge in refusing to direct a verdict in the defendant's favor was correct."

Here we find a similar situation. There was what was termed by Anderson, Circuit Judge, in the case of the Ætna Life Insurance Co. v. Allen (C. C. A.) 32 F.(2d) 490, 493, a "battle of experts." In the Allen Case the court said:

"* * * But we think the jury were, as already noted, at liberty to disregard the conflicting and highly speculative theories of the experts, and to conclude that the causa causans of the death was the accident, effecting its fatal result in undetermined ways. It cannot be denied that the processes of life and of death are still, in their essential nature, unfathomed mysteries; that health and sickness are phenomena, the causes of which frequently remain unknown. The jury knew that Dority was hurt and died; they were warranted in finding that the hurt was the cause of his death, without also finding that the theory of bacterial infection, as a link between the hurt and his death, was established."

The charge of the learned trial judge was clear and fair and was not excepted to

on behalf of the defendant. There was substantial evidence to support the verdict of the jury, and the judgment of the court below is accordingly affirmed.